IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 07-cv-01646 - LTB - BNB

FREMONT PAVING & REDI-MIX, INC., a Colorado Corporation,

    Plaintiff,

v.

R & O CONSTRUCTION COMPANY, a Utah corporation,

    Defendant.
_____

# ORDER
_____

This case is before me on Defendant R & O Construction Company's ("R & O") Motion to Dismiss for Improper Venue [Doc # 4]. After consideration of the motion and all related pleadings, I deny the motion as set forth below.

## I. Background

R & O was the general contractor and Plaintiff Fremont Paving & Redi-Mix, Inc. ("Fremont") was the paving subcontractor for the construction of a Wal-Mart Supercenter in Pueblo, Colorado. The parties entered into a subcontract agreement dated June 17, 2005 (the "Agreement") that provides in pertinent part as follows:

> Arbitration. In the event any dispute between the Contractor and Subcontractor covering the scope of the work is not settled through mediation, then at the General Contractors (sic) discretion such dispute shall be settled by arbitration .... The agreement to arbitrate shall be specifically enforceable under the prevailing arbitration laws of the state where construction is performed. ... The Contractor and Subcontractor agree to be bound by the findings of any such boards of arbitration, finally and without recourse to any court of law. Venue will be Pueblo County, State of Colorado.

> Governing Law.  This agreement shall be deemed to have been made in and shall be interpreted under the laws of the State of Utah.  Jurisdiction and venue are hereby agreed to be in the District Court of Weber County, State of Utah and the parties hereby acknowledge and agree such jurisdiction and venue are proper and reasonable.

*See* ¶¶ 8.D. & 9.E. of the Agreement.

On July 12, 2007, Fremont filed its Complaint to Compel Arbitration or, in the Alternative, for Monetary Damages in the District Court for Pueblo County, Colorado.  R & O removed the case to this Court and now seeks the dismissal of Fremont's Complaint pursuant to paragraph 9.E. of the Agreement as set forth above.

## II.  Analysis

Neither R & O nor Fremont argues that either of the forum selection clauses in the Agreement are unenforceable.  Instead, the parties dispute which provision is controlling with respect to this case.  R & O argues that paragraph 9.E. which generally provides for jurisdiction and venue in the District Court of Weber County, Utah, is controlling while Fremont argues that paragraph 8.D. which provides for venue in Pueblo County, Colorado for arbitrations governs.  The parties then devote much of their briefs to argument over whether R & O has waived its right to have Plaintiffs' claims litigated in court and must proceed to arbitration.  This argument is, however, the central issue in the case and need not be resolved in the context of R & O's motion.  Rather, the question raised by R & O's motion is the proper forum for resolution of this issue.

Paragraph 8.D. of the Agreement merely provides that venue for any arbitration between R & O and Fremont is Pueblo County, Colorado and does not reference either jurisdiction or venue for any related court proceedings.  In contrast, paragraph 9.E. of the Agreement

2

specifically provides for jurisdiction and venue in the District Court of Weber County, Utah. Paragraph 9.E., not Paragraph 8.D., therefore governs all court proceedings relating to the Agreement including those relating to arbitration. This conclusion is consistent with C.R.S. § 13-22-227, which addresses the appropriate court in Colorado to entertain motions relating to arbitrations. This conclusion is likewise consistent with the fact that Fremont is seeking alternative relief in the form of money damages if its bid to compel arbitration is unsuccessful.

My conclusion that Paragraph 9.E. of the Agreement applies to this case is not dispositive of R & O's motion. Rather, I must also determine whether this forum selection clause is mandatory such that Fremont's only option is to file this case in District Court of Weber County, Utah. "Mandatory forum selection clauses 'contain clear language showing that jurisdiction is appropriate only in the designated forum.'" *Excell, Inc. v. Sterling Boiler & Mech., Inc.,* 106 F.3d 318, 321 (10th Cir. 1997) (*quoting Thompson v. Founders Group. Int'l,* 886 P.2d 904, 910 (Kan. 1994). A forum selection clause is permissive rather than mandatory if it authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. *Id.*

Applying these guidelines to the forum selection clause set forth in paragraph 9.E. of the Agreement, I conclude that this clause is permissive and not mandatory. Most notably, paragraph 9.E. does not include any term of exclusivity such as "exclusive," "sole," or "only." *See K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW")*, 314 F.3d 494, 500 (10th Cir. 2002) (holding that forum selection clause was permissive rather than mandatory based, in part, on absence of these terms of exclusivity). Paragraph 9.E. also does not state jurisdiction and venue "shall" be in the District Court for Weber County, Utah. *See Milk 'N' More, Inc. v. Beavert,* 963 F.2d 1342, 1346 (10th Cir. 1992) (use of the word 'shall' generally

indicates a mandatory intent). Because the forum selection clause set forth in paragraph 9.E. of the Agreement is permissive and not mandatory, Fremont was not limited to filing this case in the District Court for Weber County, Utah as argued by R & O.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss for Improper Venue [Doc # 4] is DENIED.


Dated: February   21  , 2008 in Denver, Colorado.

                                            BY THE COURT:

                                              s/Lewis T. Babcock
                                            LEWIS T. BABCOCK, JUDGE